

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-88,371-02

### EX PARTE ANTHONY NGOZI OKERE, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. C-371-W011282-1407341-A IN THE 371ST DISTRICT COURT
### FROM TARRANT COUNTY

*Per curiam.*

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual assault of a disabled person and sentenced to twenty-five years' imprisonment. The Seventh Court of Appeals affirmed his conviction. *Okere v. State*, No. 07-16-00043-CR (Tex. App.—Amarillo July 25, 2016)(not designated for publication).

Applicant contends that his appellate counsel rendered ineffective assistance because counsel failed to timely notify Applicant that the Seventh Court of Appeals affirmed the trial court's

judgment.

The trial court has entered findings of fact and conclusions of law that Applicant was improperly denied the opportunity to seek discretionary review. The trial court recommends that relief be granted. *Ex parte Wilson*, 956 S.W.2d 25 (Tex. Crim. App. 1997).

We conclude that there was a breakdown in the system. *Ex parte Riley*, 193 S.W.3d 900, 902 (Tex. Crim. App. 2006). We find, therefore, that Applicant is entitled to the opportunity to file an out-of-time petition for discretionary review of the judgment of the Seventh Court of Appeals in Cause No. 07-16-00043-CR that affirmed his conviction in Cause No. 1407341D from the 371st District Court of Tarrant County. Applicant shall file his petition for discretionary review with this Court within 30 days of the date on which this Court's mandate issues.

While this application was pending in the trial court, Applicant filed another application for writ of habeas corpus, challenging the merits of this conviction. Because this Court is granting Applicant an out-of-time petition for discretionary review in this case, the claims raised in his other application are not yet ripe for resolution. Therefore, that application is dismissed. *See Ex parte Torres*, 943 S.W.2d 469 (Tex. Crim. App. 1997).

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Filed: August 22, 2018
Do not publish